■ In the Matter of IRENE O. and another. CARDINAL McCLOSKEY SCHOOL AND HOME FOR CHILDREN, Respondent; LUZ R., Appellant.—Order, Family Court, New York County, entered on or about May 29, 1974, permanently terminating appellant's custody of her three children and awarding custody to petitioner for purposes of adoption, reversed, on the law and on the facts, without costs and disbursements, and the petition dismissed, without prejudice, however, to the commencement of a new proceeding to terminate such custody if, in the opinion of petitioner, such adjudication is deemed warranted and statutory grounds exist for such determination. The drastic remedy of permanent termination of custody was instituted by petitioner, an authorized agency in whose care appellant's three children

(all born out of wedlock) were placed, under article 6 of the Family Court Act. Said article defines a permanently neglected child as one "whose parent * * * has failed for a period of more than one year following the placement * * * of such child in the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the moral and temporal welfare of the child." (Family Ct. Act, § 611.) On the record before us, petitioner has failed to sustain its burden of establishing (a) its own diligent efforts to encourage and strengthen the family relationship (or that such efforts would be detrimental to the children's moral and temporal welfare) and (b) that appellant, though physically and financially able to do so, failed to "substantially and continuously or repeatedly" maintain contact with or plan for their future. (Family Ct. Act, § 614, subd. [d].) Concededly appellant, as a mother, leaves much to be desired. But she did take affirmative steps to eliminate her dependency on drugs and, within the year following placement of her last child, attempted to establish contact with her children. These efforts were thwarted by respondent's understandable concern with the possible consequences to the children of renewed visitation. In sum, it may very well be that the moral and temporal interests of these children would be best served by terminating appellant's custodial rights, and a future proceeding may establish such fact; but the evidence presented in this proceeding falls short of first establishing that the necessary statutory requirements have been met. Concur—Markewich, J. P., Murphy and Lupiano, JJ.; Nunez, J., dissents in the following memorandum: Following a protracted series of exhaustive hearings and a finding of permanent neglect, Judge Dembitz reluctantly terminated appellant's custody of her children. It clearly appears that the court's primary consideration was the childrens' well-being. The record amply supports the court's findings. I would affirm on the opinion below.